IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

July 13, 2021
SX-2021-MC-00034
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **HERNAN NAVARRO**<br><br>**PETITIONER,**<br><br>v.<br><br>**GOVERNMENT OF THE VIRGIN ISLANDS AND VIRGIN ISLANDS BUREAU OF CORRECTIONS,**<br><br>**RESPONDENTS.** | **Case No. SX-21-MC-034**<br><br>WRIT OF HABEAS CORPUS<br><br>Cited as: 2021 VISUPER 60U |

## MEMORANDUM OPINION

**Willocks, Presiding Judge**

¶1 **THIS MATTER** comes before the court on *pro se* Hernan Navarro's (hereinafter "Petitioner")

Writ of Habeas Corpus filed on May 7, 2021. The Petitioner filed a Motion for an Evidentiary Hearing

May 27, 2021. For the reasons stated herein the court will **GRANT** Petitioner's Writ of Habeas Corpus

and the court finds Petitioner's Motion for an Evidentiary Hearing as **MOOT.**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

¶2    The facts are already detailed in *Navarro v. United States*, and the factual background was

summarized:

¶3    "In August 1999, following a jury trial, Navarro was convicted of Burglary First Degree, Robbery First Degree, Carjacking, First Degree Murder, Assault First Degree, Unlawful Possession of a Firearm, and Threatening a Witness. He was sentenced in May 2000 to life without parole on the murder charge and additional time on the other counts. His conviction and sentence were affirmed by the Third Circuit Court of Appeals in October 2001, *United States v. Lopez*, 271 F.3d 472, 44 V.I. 311 (3d Cir. 2001), and his application for writ of certiorari was denied by the United States Supreme Court on March 25, 2002."

*See Navarro v. United States*, 535 U.S. 962, 122 S. Ct. 1376, 152 L. Ed. 2d 368 (2002).

¶4      In this Habeas Corpus Petition, Petitioner recites a myriad of facts based off the evening of September 22, 1998. (*See* Petition p.1). Petitioner begins by stating that he was present at the advisement hearing of the three others (hereinafter "Defendants") who were charged in the series of crimes that took place on the evening of September 22, 1998. (*See* Petition p. 2). Petitioner alleges that he was brought to the police station for questioning after an incident that took place at the courthouse. (*See* Petition p. 2). Petitioner contends he was angry and does not deny that he had gotten into an argument with witnesses who had made accusations against his friends. (*See* Petition p. 2). After the incident, he was brought to the police station for questioning, and, eventually, he was questioned about his whereabouts on the September 22, 1998 evening. (*See* Petition p.2). Petitioner further alleges that while he was being questioned by the officer, they found a gun in his mother's home, however, according to Petitioner, this was eventually excluded from evidence. (*See* Petition p.3).

¶5      Petitioner alleges he was charged after a partial print of his left thumb was discovered on the blade of a knife found outside one of the three residential homes at #66 Enfield Green. (*See* Petition p.4). Petitioner alleges that he was eventually charged with all of the same offenses as the Defendants. (*See* Petition p.4). However, Petitioner alleges that detectives concluded the knife did not come out of any of the three homes or personal property of the victims or occupants of the home. (*See* Petition p.4). Petitioner further alleges that he was charged with these crimes without evidence that could prove he was responsible for placing the knife where it was allegedly found by detectives. (*See* Petition p.4). Moreover, Petitioner claims that the Government failed to prove the dangerous weapons elements sufficient to sustain his conviction for the following counts: first degree burglary, first degree robbery, first degree murder, first degree assault, mayhem and use of a firearm in relation to the commission of carjacking convictions. (*See* Petition p. 5).

## II.      LEGAL STANDARD

¶6      Virgin Islands Habeas Corpus Rule 2 states that "any person who believes he or she is unlawfully imprisoned or detained in custody, confined under unlawful conditions, or otherwise unlawfully restrained of his or her liberty, may file a petition for writ of habeas corpus to seek review of the legality of that imprisonment or detention."

¶7      In reviewing a petition for Writ of Habeas Corpus, the court must "grant a Writ of Habeas Corpus without delay" if the petition states a prima facie case for relief—alleging facts, that if true, entitle the petitioner to relief—and the petition is not procedurally barred, which may occur when a petitioner attempts to re-litigate an issue that was already raised in this court on direct appeal.[1] A petitioner makes a prima facie case by stating "specific factual allegations which require habeas relief rather than mere conclusions of speculations."[2] Specifically, a petition must satisfy the requirements of 5 V.I.C. § 1302, which provides:

¶8      "It shall specify that the person in whose behalf the writ is applied for is imprisoned or restrained of his liberty and the officer or person by whom, and the place where, he is so confined or restrained, naming all the parties, if they are known, or describing them, if they are not known; (2) If the imprisonment is alleged to be illegal, the petition shall state in what the alleged illegality consists; (3) The petition shall be verified by the oath of the party making the application."[3] *See Dowdye v. Testamark*, 2021 V.I. LEXIS 21 (Super. Ct. 2021). Significantly, granting the writ of habeas corpus is an intermediate

[1] *Ledesma v. Government of the Virgin Islands*, 72 V.I. 797 (V.I. Court 2019) (citing *Blyden v. Gov't of the V.I.*, 64 V.I. 367, 376-77 (V.I. 2016)).
[2] *Dowdye v. Testamark*, 2021 V.I. LEXIS 21 (Super. Ct. 2021) (citing *Woodrup v. Gov't of the Virgin Islands*, Super. Ct. Civ. No. ST-16-MC-47, 2018 V.I. LEXIS 64, at * 4 (V.I. Super. Ct. June 20, 2018) (quoting V.I. H.C.R. advisory committee's note) (unpublished).
[3] 5 V.I.C. § 1302.

step in the statutory procedure and "only requires the Government to produce the petitioner for a hearing."[4]

### III.    DISCUSSION

¶9    The court finds that Petitioner has sufficiently satisfied the requirements of 5 V.I.C. § 1302 by naming the Keen Mountain Correctional Center as his place of detention, by further alleging that his detention was illegal for Counts 1-17 and by signing his Petition under Oath.

¶10    Here, Petitioner does not claim that he had ineffective counsel, nor does he claim there is newly discovered evidence that would prove his innocence. *See Fahie v. Government of the Virgin Islands*, 73 V.I. 443 (Super. Ct. 2020) (holding that a "writ of habeas corpus may be granted based off of newly discovered evidence, but the standard is extremely high and the evidence Fahie offers does not meet that bar"). Here, the court does not find that what Petitioner presents to the court can even be construed as newly discovered evidence. Rather, what Petitioner claims is that the prosecution did not prove each element of the crimes for which he was charged, therefore, Petitioner raises a sufficiency of the evidence argument. However, the court cannot analyze an argument that was already raised on appeal because that would constitute an argument that is procedurally barred having already been argued in front of a competent court. *See Rodriguez v. Bureau of Corrections*, 70 V.I. 924 (V.I. 2019) (holding that "the determination as to whether a previously raised claim is procedurally barred in a habeas corpus proceeding because it was duly considered and decided by a competent court is dependent on the nature of the claim").

---

[4] *Id.* (citing *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 311 (V.I. 2014).

*Navarro v. Government of the Virgin Islands and Virgin Islands Bureau of Corrections*
SX-21-MC-034                                                   **2021 VISUPER 60U**
**Memorandum Opinion**
Page 5 of 7

¶11    The argument Petitioner raises concerning the knife was that it did not come out of any of the homes that were part of the robbery on the evening of September 22, 1996. However, Petitioner raised a very similar argument in *Navarro v. United States*; where Petitioner's argument was analyzed and rejected. *Navarro v. United States*, 2018 U.S. District Court LEXIS 125982 (V.I. District Court 2018). This argument was in the context of an ineffective assistance counsel claim that Petitioner argued during an equitable tolling request to establish his actual innocence. *Id.* at 29. The District Court held that "Navarro has provided only his raw speculation that if his counsel had hired a fingerprint expert, and if—contrary to the testimony of the Government's expert—the expert had found that it was not his fingerprint on the knife, and if his co-Defendant had come forward with information consistent with his affidavit, the results of his trial would have been different." *Id.* The District Court concluded that this was not based on actual evidence and instead a string of hypotheticals, and even if the Court were to reach the issue, it would reject it. *Id.* at 33.

¶12    In *United States v. Lopez*, the Defendants raised a variety of issues. The Court held Pinkerton applies in the U.S. Virgin Islands and that the Court did not err in instructing the jury that they could convict the Defendants under the Pinkerton Doctrine. *United States v. Lopez*, 271 F.3d 472 (3d. Cir. 2001). However, here, Petitioner's argument rests on his allegation that there was not any biological, scientific, or eyewitness evidence that inculpated him in the crimes. (*See* Petition p. 4). In addition, Petitioner claims there was no evidence of other prints found on, or inside any of the homes attacked. (*See* Petition p.4).

¶13    Nevertheless, the Supreme Court held in *Rodriguez* that the Petitioner in that case was entitled as a matter of law to raise his sufficiency of the evidence claim in a habeas proceeding. *Rodriguez v. Bureau of Corrections*, 70 V.I. 924 (V.I. 2019). Here, the court realizes that for this Petition to be granted, Petitioner's argument must not be a repackaged argument that was already ruled on. The one important detail this court believes stands out is that Petitioner's argument is not in the context of an ineffective

counsel claim like it was presented to the District Court. What the Petitioner presents here, and that he is entitled to, is a sufficiency of the evidence claim with regards to the thumb print that was found on the knife.[5] Of course, the court is erring on the side of granting this Petition because the court is aware that it has long been held that there is a fundamental importance of a prisoner's right to habeas corpus proceedings. *Id.* The court finds Petitioner's Habeas Corpus Petition to be a sufficiency of the evidence argument, that the District Court and the Third Circuit ruled on previous arguments but that it is unclear if this argument was actually raised, and therefore, Petitioner entitled to a writ based off of this prima facie case that he presents to the court. All a Petitioner is required to do in order to obtain a writ under Virgin Islands law: "state facts [in the petition] that, if true, entitle the petitioner to relief." *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 292 (V.I. 2014). "Granting the writ of habeas corpus...constitutes an intermediate step in the statutory procedure"—it does not address the underlying merits of the petition's allegations, nor does it entitle the petitioner to the ultimate relief sought in the petition." *Id.* at 311. Here, Petitioner's habeas petition raises a purely legal question, including challenges to sufficiency of the evidence because Petitioner claims that he was charged without evidence proving that he placed the knife where it was found by the detectives, that there was not another print that could compliment the partial print on the knife and that the knife did not come out of the homes or personal property of the victims. (*See* Habeas Petition p. 4). Petitioner claims there was no evidence presented on the record to prove that he was present at the location where the crimes occurred. The court finds that these allegations, if true, a prima facie case for relief.

¶13    Issuing the writ and serving it on the Government respondents simply requires the Government to file a return responding to the petition and to produce the petitioner in court for a hearing on the merits of his allegations. *Id.* at 312. Generally, courts reviewing a habeas petition hold an evidentiary hearing to

---

[5] *See Blyden v. Gov't of the Virgin Islands*, 64 V.I. 367 (V.I. 2016) (rejecting the Superior Court's blanket holding that a petitioner cannot challenge the sufficiency of the evidence through a habeas petition).

hear such proof as may be offered against the petitioner's imprisonment or detention at which time the petitioner may challenge the sufficiency of the evidence and present and facts showing that the detention was unlawful. *See* V.I. Hab. Corp. R. 2(g)(1), (4) (citing *Laudat v. Testamark*, 71 V.I. 237 (Super. Ct. 2019)). In addition, Petitioner filed a Motion for an Evidentiary Hearing that the court finds **MOOT** due to the fact the rules allow an evidentiary hearing once the writ is granted, therefore, the court does not need to address Petitioner's arguments here. Thus, the court will grant the writ and hold an evidentiary hearing where Respondents file a return and address the merits of Petitioner's allegations.

## IV.    CONCLUSION

¶14     Petitioner's Petition for Habeas Corpus has set forth a prima facie case for relief. Therefore, the writ will be issued, and the matter set for an evidentiary hearing where Respondents can address Petitioner's claims on the merits. An Order consistent with this Opinion will follow.

It is hereby:

**ORDERED** the Writ of Habeas Corpus be **GRANTED;** it is further

**ORDERED** this matter be scheduled for an evidentiary hearing on ___26th___ of _August, 2021,_ _at 9:00 am, via zoom._

**ORDERED** the Respondents be personally served in this matter.

**DONE** and so **ORDERED** this ___8th___ day of ___July___, 2021.

**ATTEST:**
Tamara Charles                                    HAROLD W.L. WILLOCKS
Clerk of the Court                    **Presiding Judge of the Superior Court**

By: _____
     Court Clerk Supervisor
Dated: ___7/12/2021___